1  RENEE BELCASTRO, SBN 270492
   MICHAEL J. KRAHENBUHL, SBN 271021
2  MICHAEL M. BAKER, SBN 273232
   PITE DUNCAN, LLP
3  4375 JUTLAND DRIVE, SUITE 200
   SAN DIEGO, CA 92177-0935
4  TELEPHONE: (858) 750-7600
   FACSIMILE: (619) 590-1385
5  E-Mail: mkrahenbuhl@piteduncan.com

6  Attorneys for Plaintiff DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
   FOR DOWNEY 2006-AR1
7

8                    **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE**

10

11 | DEUTSCHE BANK NATIONAL TRUST | Case No.   5:12-cv-01097-LHK
   | COMPANY AS TRUSTEE FOR DOWNEY |
   | 2006-AR1, | **PLAINTIFF'S NOTICE OF MOTION**
12 | | **AND MOTION TO REMAND;**
   |        Plaintiff, |
13 | | **MEMORANDUM OF POINTS AND**
   |     v. | **AUTHORITIES; AND**
14 |
   | LINDA F. PODA, | **[PROPOSED] ORDER THEREON**
15 |
   |        Defendants. | DATE:    September 27, 2012
16 | | TIME:    1:30 p.m.
   | | ROOM:    8
17 |
   | | HON:     Lucy H. Koh
18

19

20      TO Defendant LINDA F. PODA and the Court:

21      PLEASE TAKE NOTICE that on September 27, 2012, at 1:30 p.m., in Courtroom 8 of

22 the above entitled court, Plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY AS

23 TRUSTEE FOR DOWNEY 2006-AR1 ("Plaintiff"), will move the above Court for an order

24 remanding the case to the Santa Clara County Superior Court.  The underlying action is a

25 straightforward unlawful detainer claim that had no basis to be removed by the Defendant.

26                                           **PITE DUNCAN, LLP**

27 Dated: May 24, 2012                 By: */s/ Michael J. Krahenbuhl*
                                          MICHAEL J. KRAHENBUHL
28                                        Attorneys for Plaintiff

                                 -1-
   PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

1  RENEE BELCASTRO, SBN 270492
MICHAEL J. KRAHENBUHL, SBN 271021
2  MICHAEL M. BAKER, SBN 273232
PITE DUNCAN, LLP
3  4375 JUTLAND DRIVE, SUITE 200
SAN DIEGO, CA 92177-0935
4  TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
5
Attorneys for Plaintiff DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
6  FOR DOWNEY 2006-AR1

7

8                           **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE**

10

| | |
|---|---|
| 11  DEUTSCHE BANK NATIONAL TRUST<br>COMPANY AS TRUSTEE FOR DOWNEY<br>12  2006-AR1, | Case No.  5:12-cv-01097-LHK<br><br>**MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>PLAINTIFF'S MOTION TO REMAND** |
| 13              Plaintiff, | |
| 14      v. | DATE:                September 27,<br>TIME:                1:30 p.m.<br>ROOM:               8 |
| 15  LINDA F. PODA, | |
| 16              Defendants. | HON:                 Lucy H. Koh |
| 17 | |

18          I.      **INTRODUCTION**

19          Plaintiff's Motion to Remand is necessary because it will determine whether this Court

20  has subject matter jurisdiction over the cause of action.  The underlying action is a

21  straightforward state cause of action for unlawful detainer.  Judgment in the underlying action

22  entered prior to the Defendant filing their notice of Removal.  Therefore, the removal is without

23  effect because a case is not eligible for removal after the entry of judgment.

24          Plaintiff purchased the property located at 2068 Swensen Ct., San Jose, CA 95131

25  ("Subject Property") at a trustee's sale held on January 28, 2011.  Subsequently, LINDA F.

26  PODA ("Defendant") were served written notice to vacate on February 8, 2011.  Unfortunately,

27  the Defendant failed to comply with the terms of the Notice to Vacate causing Plaintiff to file an

28  action for Unlawful Detainer on August 15, 2011.  Defendant answered and the case proceeded.

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

1    Defendant has consistently abused process to delay her lawful eviction from the Subject

2    Property.  She first filed a demurrer in the California Superior Court that lacked any merit.  She

3    then filed a petition for Chapter 13 Bankruptcy relief, which was designated as case 5:11-bk-

4    59685.  This bankruptcy case was dismissed on November 29, 2011.

5    The Case proceeded to trail on January 18, 2012.  At trial, the California Superior Court

6    granted judgment in favor of Plaintiff and against Defendant for restitution of the Subject

7    Property.  However, before Plaintiff could execute the writ of possession for the Subject

8    Property, Defendant filed another petition for bankruptcy relief.

9    On February 15, 2012, Defendant filed a petition for Chapter 13 Bankruptcy, which was

10   designated as case 5:12-bk-51154.  This Bankruptcy Case was dismissed on March 19, 2012.

11   The Defendant then filed another Bankruptcy Petition on April 2, 2012 (5:12-bk-52503), and an

12   adversary complaint in Bankruptcy Court on the same day (5:12-ap-05068).  While these last

13   two cases are active, no automatic stay is in effect because of the serial nature of the bankruptcy

14   filings.  Prior to her second bankruptcy in the last year, the Defendant removed the underlying

15   unlawful detainer to this Court on March 5, 2012.

16   Defendant has frustrated the unlawful detainer action by filing the Notice of Removal

17   without sufficient basis to do so, and after Judgment entered in favor of Plaintiff for possession

18   of the Subject Property.  This removal is a blatant abuse of process as the removal is meaningless

19   after judgment has entered.  Defendants allege that this Court has jurisdiction under a myriad of

20   grounds – none of which actually provide jurisdiction. No grounds for removal exist, as the

21   underlying action is that of Unlawful Detainer, based only on California Code of Civil Procedure

22   sections 1161a and 1174(b).  No federal claims are included in Plaintiff's Complaint and the

23   underlying action is a summary proceeding for possession of property.  Moreover, judgment has

24   already entered in the underlying action.

25   The only issue in the underlying action is that of possession of the Subject Property,

26   based solely on unlawful detainer state law claims.  No federal claims exist in Plaintiff's

27   Complaint and Defendant's removal is improper.  Accordingly, given the summary nature of the

28   underlying unlawful detainer proceeding, Plaintiff respectfully requests that the Court remand

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

1   the case to the Santa Clara County Superior Court so that Plaintiff can resume its lawful

2   repossession of the Subject Property.

3   **II.    No Bankruptcy Stay is in Effect and a Remand Order Does not Violate a the Stay**

4           **A.    The Automatic Stay Does Not go Into Effect if the Debtor has had two**

5                  **Bankruptcies Dismissed in the Past Year**

6           The Automatic Stay does not go into effect if a debtor has had two or more bankruptcy

7   cases pending, that were dismissed, within twelve months of the filing of a subsequent

8   bankruptcy petition. 11 U.S.C. § 362(c)(4)(A)(i).  In order for the Automatic Stay to go into

9   effect in the third bankruptcy case, the debtor must request the bankruptcy court impose a stay

10  within 30 days of filing the Petition. 11 U.S.C. § 362(c)(4)(B).  No stay is in effect prior to the

11  bankruptcy court imposing one. 11 U.S.C. § 362(c)(4)(C).  Moreover, the stay would only go in

12  effect after notice and a hearing and a Court order.  The stay in that case would not be in effect

13  until the date of the order. *id*. The United States Bankruptcy Court docket demonstrates that no

14  automatic stay has even been requested, much less imposed.

15          **B.    An Order Remanding the Case Does not Violate a Bankruptcy Stay**

16          An order remanding a case to State court does not violate the automatic stay because it is

17  not a continuation of an action in violation of the automatic stay. *Lindley Contours, LLC v.*

18  *AABB Fitness Holdings, Inc.* (9th Cir., Or., 2011) WL 398861; *Verizon Communications, Inc. v.*

19  *Northpoint Communications Group, Inc.* (D. Del., 2001) WL 648959.   The thrust of these

20  opinions is that the order remanding the case will have no effect on the proceeding. *See id*.  The

21  stay would still be in effect after the remand and so the debtor would still be protected. *id*.

22  **III.   REMOVAL WAS IMPROPER**

23          **A.    Removal of a Case to Federal Court After Judgment is Irrelevant**

24          Although Defendant attempted to remove the unlawful detainer cases to federal court, the

25  removal is without meaning because "removal cannot be accomplished after the court having

26  jurisdiction over the claims to be removed has made its findings of fact and conclusions of law."

27  (1 Norton Bankr. L. & Prac. 3d § 7:1). Moreover, defendants may not remove a case from a state

28  court to a federal court after the state court has entered a final judgment that terminates the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

1 | litigation. (14B Fed. Prac. & Proc. Juris. § 3721 (4th ed.)).

2 | **B.** **Applicable Legal Standards**

3 | Removing a case from state court requires the district court have subject matter
4 | jurisdiction. Such jurisdiction may be obtained via diversity or federal question jurisdiction.
5 | Defendants have already attempted to invoke diversity jurisdiction twice which resulted in
6 | remand with prejudice. Now the Defendants assert removal is proper based on federal question
7 | jurisdiction. The standard for removal based on federal question, is contained in 12 U.S.C.
8 | §1441(a) which provides:

9 | "any civil action brought in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the defendant or the
10 | defendants, to the district court of the United States for the district and division
embracing the place where such action is pending."
11 |

12 | District courts have original jurisdiction of "all civil actions arising under the Constitution, laws,
13 | or treaties, of the United States." 12 U.S.C. §1331.

14 | When the district court does not have subject matter jurisdiction it must remand the
15 | action. 28 U.S.C. §1447(c). The party seeking removal has the burden in establishing federal
16 | jurisdiction. <u>Duncan v. Steutzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996). The presence or absence
17 | of federal-question jurisdiction exists only when a federal question is presented on the face of the
18 | plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

19 | **C.** **Federal Question Jurisdiction is Absent**

20 | A case will not be removed if the complaint does not affirmatively allege a federal claim.
21 | <u>Beneficial Nat. Bank v.</u> Anderson, 539 U.S. 1 (2003). On its face, the complaint alleges that the
22 | Defendants continue in possession of the Subject Property unlawfully after the notice to vacate
23 | expired and that the Plaintiff is entitled to damages. The complaint is based exclusively on
24 | California Code of Civil Procedure ("CCP") §§1161a and 1174(b). Where a complaint only
25 | alleges state law claims, the action is not removable pursuant to 42 U.S.C. §1983.

26 | Even if the 11 U.S.C. §1983, or the other sections Defendants cite, defense had any merit,
27 | it does not support removal based on federal question jurisdiction. "The right to remove cannot

28 |

-4-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

1  be based on any defense which the defendant may interpose."[1]   The existence of a federal

2  defense normally does not create statutory "arising under" jurisdiction.[2]   As such, a defendant

3  may not remove a case to federal court unless the plaintiff's complaint establishes that the case

4  arises under federal law.  In the instant action, the Plaintiff's complaint is completely void of any

5  claim arising under the Constitution, laws, or a treaty of the United States and is not eligible for

6  removal to federal court.

7           **D.       Jurisdiction Based on Diversity of Citizenship is Improper**

8           Diversity jurisdiction requires complete diversity of citizenship among the parties, as well

9  as a minimum amount in controversy of over $75,000. (*See* 28 U.S.C. §1332).   Defendant's

10  notice of removal fails to establish that the amount in controversy is greater than $75,000.  The

11  notice of removal does not establish that the amount in controversy exceeds $75,000.  The notice

12  merely states that the value of the residence is over the jurisdictional threshold of $75,000.

13  Plaintiff's complaint specifically states that the amount in controversy does not exceed $10,000.

14  Since it is not facially evident from the complaint that more than $75,000 is in controversy, the

15  party seeking removal must prove, by a preponderance of the evidence, that the amount in

16  controversy meets the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117

17  (9th Cir. 2004) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F,3d 1089, 1909 (9th

18  Cir. 2003).  An unlawful detainer proceeding is an action for possession, not title.  The fact that

19  the property is valued over$75,000 is irrelevant, because, Plaintiff is not suing for the value of

20  the property, it is suing for possession.  "The only "triable" issue [in the unlawful detainer

21  action] is the right to possession and incidental damages resulting from the unlawful detention."

22  [Judges Freidman, Garcia, et al., Cal. Prac. Guide: Landlord-Tenant (The Rutter Group 2009)

23  ¶8.3 citing *Vasey v. California Dance Co., Inc.* (1977) 70 CA3d 742, 746–747; *Lincoln Place*

24  *Tenants Ass'n v. City of Los Angeles* (2007) 155 CA4th 425, 452; *Underwood v. Corsino* (2005)

25  133 CA4th 132, 135]. Therefore, the value of the property is almost wholly irrelevant to the

26  unlawful detainer matter.  The only thing that is relevant is the daily rental value of the Subject

27  Property, to which Plaintiff would be entitled upon judgment in its favor.  Plaintiff's complaint

28

---

1 (Kennel, Corpus Juris Secundum (2009) 77 C.J.S. Removal of Cases §26).
2 Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004).

-5-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

1    seeks far less than $75,000. Because the Defendants have failed to establish either requirement

2    for removal based on 28 U.S.C. § 1332, this matter should be remanded to superior court.

3    **IV.**    **CONCLUSION**

4        In the instant case, judgment entered and a writ of possession issued for the Subject

5    Property prior to the attempted removal. Since the state court entered final judgment, removing

6    the underlying action to federal court has no effect. Moreover, the Defendants have failed to

7    allege proper grounds for removal. This case should be remanded without further delay.

8    Therefore, Plaintiff requests the Court remand this case to the Santa Clara County Superior

9    Court.

10

11    Dated: May 24, 2012                      **PITE DUNCAN, LLP**

12                             By: */s/ Michael J. Krahenbuhl*

13                              MICHAEL J. KRAHENBUHL
                                   Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND