**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DOWNEY 2006-AR1, | ) ) ) ) | Case No.: 12-CV-01097-LHK  ORDER GRANTING MOTION TO REMAND |
| Plaintiff, | ) | |
| v. | ) ) | |
| LINDA F. PODA, | ) ) | |
| Defendant. | ) ) | |

Defendant Linda Poda ("Defendant" or "Poda"), proceeding pro se, filed a notice of removal of a Santa Clara County Superior Court unlawful detainer action to this Court. *See* ECF No. 1. Deutsche Bank National Trust Company As Trustee For Downey 2006-AR1 ("Plaintiff") has moved to remand the case to state court. ECF No. 11. Defendant did not file an opposition to Plaintiff's motion to remand. The deadline to file an opposition has passed. Thus, Plaintiff's motion to remand is unopposed. *See* Civil L.R. 7-3(a). Pursuant to Civil Local Rule 7-1(b), the Court finds that Plaintiff's motion is suitable for decision without oral argument. Accordingly, the motion hearing and case management conference set for September 27, 2012 are VACATED. Having reviewed the state court complaint and the relevant law, the Court determines the complaint was improperly removed from state court. Accordingly, the case is REMANDED to state court.

1

Case No.: 12-CV-02959-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

## I. BACKGROUND

This action arises from Plaintiff's efforts to evict Defendant from residential property located at 2068 Swensen Ct., San Jose, CA 95131 (the "Property"). *See* Complaint ("Compl.") ¶ 1, ECF No. 1. Plaintiff is the owner of the Property having purchased the premises at a trustee's sale on January 28, 2011. *Id*. ¶ 4. On August 15, 2011, Plaintiff filed an unlawful detainer action in Santa Clara County Superior Court against Plaintiff, based on a failure to comply with a 90-day Written Notice to Vacate, which expired May 9, 2011. *Id.* ¶¶ 6-8. Plaintiff's attempts to obtain possession of the Property after filing the unlawful detainer action have consistently been thwarted by Plaintiff.

On October 19, 2011, Plaintiff filed her first Chapter 13 bankruptcy petition in the Northern District of California. *See* Case No. 11-bk-59685. The petition was dismissed on November 29, 2011. *See id*. On January 18, 2012, after the bankruptcy petition was dismissed, the unlawful detainer action proceeded to trial in state court. According to Plaintiff, after the trial, the California Superior Court granted judgment in favor of Plaintiff and against Defendant, but before Plaintiff could execute the writ of possession for the Property, Defendant filed another petition for bankruptcy. *See* Mot. to Remand at 2. This second Chapter 13 bankruptcy was filed on February 15, 2012, and dismissed on March 19, 2012. *See* ECF No. 14, Case No. 12-bk-51154.

Plaintiff filed her third Chapter 13 bankruptcy petition on April 2, 2012. *See* Case No. 12-bk-52503. Judge Johnson, the Bankruptcy Judge presiding over the third bankruptcy petition, dismissed the petition on May 21, 2012. In addition, Judge Johnson barred Poda from filing any bankruptcy petition in the Northern District of California without prior court approval. *See* ECF No. 21, Case No. 12-bk-52503.

On March 5, 2012, before filing her third bankruptcy petition, Poda removed the unlawful detainer action from state to federal court. *See* ECF No. 1. The matter was originally assigned to Magistrate Judge Paul S. Grewal and was reassigned to the undersigned judge on March 19, 2012. *See* ECF Nos. 8.

## II. DISCUSSION

2

Case No.: 12-CV-02959-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court.[1] 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Defendant alleges, as the basis for removal, that this court has subject matter jurisdiction based both on federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal at 2-3, ECF No. 1.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law, if based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S.Ct. 1262, 1271 (2009). A review of the original complaint filed in state court discloses no federal statutory or constitutional question. An unlawful detainer cause of action such as the one asserted here does not raise a federal question. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018, 2011 WL 204322, at * 2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977)) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction); *Partners v. Gonzalez*, 2010 U.S. Dist. LEXIS 95714, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same).

Defendant alleges that there "is a federal question surrounding procedural due process right [sic] guaranteed under the Fourteenth Amendment to the United States Constitution." Notice of Removal at 3. However, it is well-settled that a case may not be removed to federal court on the basis of a federal defense. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463

---

[1] Plaintiff also argues that removal was improper because Defendant's removal occurred after the state court entered judgment in favor of Plaintiff. *See* Mot. at 3-4. Removal cannot "breathe life into an expired claim." Charles Alan Wright, et al. Federal Practice and Procedure § 3721 at 25 (4th ed.). "[D]efendants may not remove a case from a state court to a federal court after the state court has entered a final judgment that terminates the litigation." *Id*. at 25-26. Because Plaintiff has attempted to remove the unlawful detainer after judgment was entered in state court, this is a separate, independent reason why remand is appropriate. *See* Mot. at 2.

3
Case No.: 12-CV-02959-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

1    U.S. 1, 10 (1983).  Thus, to the extent Poda's defense to the unlawful detainer action is based on

2    alleged violations of federal law, those allegations do not provide a basis for federal jurisdiction.

3    　　　　The Court also determines that it does not have diversity jurisdiction over this matter.

4    Defendant has not established that the amount-in-controversy requirement is met.  *See* 28 U.S.C. §

5    1332.  Plaintiff filed its action as a "Limited Civil Case" in which the amount demanded "[d]oes

6    not exceed $10,000."  *See* Complaint.  Where, as here, a plaintiff specifically alleges that the

7    amount in controversy is less than the jurisdictional threshold, a defendant has the burden of

8    showing with legal certainty that the amount in controversy exceeds $75,000.  *See Lowdermilk v.*

9    *U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).  The Court concludes that

10   Defendant has not demonstrated to a legal certainty that the amount in controversy exceeds

11   $75,000.  Accordingly, this Court lacks subject matter jurisdiction over this matter, and this case

12   should be remanded to state court.

### III.   CONCLUSION

　　　　For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and removal was improper.  The Court also notes that Defendant's litigation history establishes a troubling record.  Defendant has used the federal court system to delay legitimate proceedings in state court.  Defendant is hereby on notice that any future attempt to remove this unlawful detainer action to federal court may lead to sanctions, including Plaintiff's attorneys' fees incurred in moving to remand the action back to state court.  This case is REMANDED to Santa Clara County Superior Court.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 9, 2012

　　　　　　　　　　　　　　　　　　　*Lucy H. Koh*
　　　　　　　　　　　　　　　　　　　LUCY H. KOH
　　　　　　　　　　　　　　　　　　　United States District Judge

4

Case No.: 12-CV-02959-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION